JUSTICE RICE,
dissenting.
¶23 We exercise plain error review “when failure to do so may result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of the proceedings, or compromise the integrity of the judicial process.” State v. Lacey, 2009 MT 62, ¶ 74, 349 Mont. 371, 204 P.3d 1192 (citation omitted). I do not believe these reasons exist here.
¶24 I would affirm on the basis of the case explanation given by the Court in ¶¶ 3-9. The Court cannot even explain the facts of this case without exposing Wagner’s ludicrous tale of lies, such as his telling a friend after the shooting incident that ‘he had been stabbed in a bar that morning.” Opinion, ¶ 9. The jury did not believe, and no jury would, Wagner’s claim that, while on the run from the law, he loaded a gun and went to Peters’ house simply “to find out whether the older man he had spoken with before could give him any information on how to contact Peters,” particularly given Wagner’s history of sadistic and vengeful violence toward his victims. Opinion, ¶ 8.
¶25 Wagner sat by idly and failed to object while the prosecutor made multiple references to the comment he now challenges. Had he brought the issue to the District Court’s attention by making a single objection, the court could have sustained the objection and instructed the jury about the comment. Wagner now gets the benefit of his own inaction, perhaps a strategy he purposefully employed. Regardless, a new trial should not be his reward in light of the overwhelming evidence against him. No “miscarriage of justice” occurred here for which plain error review is necessary. While victims must sometimes be inconvenienced by a re-trial so that the integrity of the judicial process can be preserved, the only “miscarriage of justice” in this case is putting the victims through the trauma of a second showing of Wagner’s utterly unbelievable assertions.
¶26 I would not grant plain error review, and would affirm.